REC'D
FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 21 2015

CHRISTOPHER A. PRINE
CLERK _____

IN THE

FIRST COURT OF APPEALS - TEXAS

NO. 01-15-00413 - CV.

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

OCT 26 2015

CHRISTOPHER A. PRINE
CLERK _____

JOHN HENRY BOYKIN, Appellant,

VS.

C. TAUSS, L. RUZICKA, F. RANGEL;

MEMBERS OF TEXAS BOARD OF PAROLES,

IN THEIR INDIVIDUAL CAPACITIES, Appellees.

"PETITION FOR APPELLATE REVIEW"

FROM THE 412TH DISTRICT COURT

BRAZORIA COUNTY, TEXAS

HON. DENMAN, JUDGE

CAUSE NO. 81239 - I

SUBMITTED BY,

JOHN HENRY BOYKIN, PRO SE APPELLANT

Ramsey One Unit

1100 F.M. 655

Rosharon, Texas 77583



POSTED

TABLE OF CONTENTS                                    PAGE NUMBER

STATEMENT OF FACTS.......................................1.

STATEMENT OF PROCEDURAL HISTORY..........................1.

ISSUES PRESENTED FOR APPELLATE REVIEW....................2.

ARGUMENT.............................................2.-4.

CONCLUSION...............................................4.

PRAYER...................................................5.

CERTIFICATE OF SERVICE...................................5.

## INDEX OF AUTHORITIES

Texas Government Code §508.145(d)(1);................1.-5.

U.S. Constitution Amendments 8 and 14;...............1.&4.

## LIST OF PARTIES

1. JOHN HENRY BOYKIN, PRO SE Appellant;

   Ramsey One Unit; 1100 F.M. 655, Rosharon, TX. 77583.

2. C. TAUSS, L. RUZICKA, F. RANGEL; MEMBERS OF THE TEXAS BOARD

   OF PAROLES, IN THEIR INDIVIDUAL CAPACITIES, Appellees;

   1212 N. Velasco, Suite 201; Angelton, Texas 77515.


## APPENDIX

1. Order of Dismissal from the 412 District Court; Hon. W. Edwin Denman, Judge; Exhibit A.

(ii.)

FIRST COURT OF APPEALS - TEXAS

NO. 01-15-00413-CV.

## PRO SE APPELLANT'S BRIEF

Now into Court Comes, JOHN HENRY BOYKIN, PRO SE Appellant, who respectfully exercises his Statutory Right to seek Appellate Review for the following reasons:

## STATEMENT OF THE CASE

Appellant contends the Members of the TX Board of Paroles continue to violate his Constitutional Rights protected by the U.S. Const. Amends. - 8 & 14; by refusing to release him from prison via parole, pursuant to TX. Government Code §508.145(d)(1).

Appellant avers he has satisfied all the requirements mandated by TX. Government Code §508.145(d)(1); for his release on parole.

## STATEMENT OF PROCEDURAL HISTORY

On April 16, 2015: Appellant's Civil Suit Complaint was Dismissed With Prejudice by the 412TH Judicial District Court, Brazoria County, TX.; Honorable Denman, Judge presiding.

On April 29, 2015: Appellant filed a timely Notice Of Appeal and Affidavit Of Indigence with the 412 District Court; Brazoria County, TX.

Finally, Appellant submits this Petition For Appellate Review contending the trial court abused it's discretion by dismissing Appellant's Civil suit without reference to guiding rules or principles.

(1.)

## ISSUES PRESENTED FOR APPELLATE REVIEW

Did the trial court abuse it's discretion by dismissing Appellant's Civil Suit without reference to guiding rules or principles?

## ARGUMENT

Appellant contends he has a State Statutory Right to be released from prison via parole. Texas Government Code §508.145 (d)(1) authorizes Appellant's release on parole.

Because the trial court has failed to correctly interpret the parole laws mandated by the Government Code and the trial court arbitrarily dismissed Appellant's Civil Suit Complaint without any reference to guiding rules or principles, Appellant contends the trial court abused it's discretion and respectfully request appellate review to remedy this error.

## TEXAS LEGISLATIVE LAW

"Texas Government Code §508.145(d)(1);
Eligibility For Release On Parole: An inmate serving a sentence for an offense described by Section 3g(a)(1)(A)(C)(D)(E)(F) (G)(H)(I)(J) or (K) Article 42.12, Code of Criminal Procedure or for an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article or for an offense under Section 20(A).03 Penal Code; is not eligible for release on parole until the inmates actual calendar time served - without consideration of good conduct time - equals One-Half of the sentence or 30 calendar years, whichever is less but in no event

(2.)

is the inmate eligible for release on parole in less than two calendar years."

Appellant avers his release on parole is governed by legislative law, because Appellant was convicted and sentenced as a (3g) offender on June 13, 2006.

## TEXAS LEGISLATIVE INTENT

Appellant contends the intent of this Texsas Legislation, pursuant to Government Code §508.145(d)(1) is to award (3g) offenders with a release on parole date, because this law expressively denies all (3g) offenders the right to receive good conduct time credits applied to their subsequent parole review process eligibility date.

This Legislative Law clearly and unambiguously authorizes a release on parole date after a (3g) offender has met the requirement of serving One-Half of his prison sentence - without the benefits of good conduct time credits being applied. Appellant's sentence started on November 17, 2004; In compliance with TX. Government Code §508.145(d)(1); Appellant has met his Statutory Requirement for release on parole as of November 17, 2004.

Because the Appellees refuse to obey this legislative law, and the trial court has erroneously dismissed Appellant's Civil Suit seeking redress from this Cruel and Unusual Punishment that has continued Appellant's unlawful prison confinement, Appellant petitions this Court Of Appeals for Appellate Review, accordingly.

## TRIAL COURT'S ERROR

Appellant respectfully contends the trial court abused it's discretion by not following the principles established by TX. Government Code §508.145(d)(1); and for failing to sustain the merits of Appellant's Civil Suit Complaint seeking monetary damages against the Appellees in their Individual Capacities; for violating Appellant's Civil Rights protected by the U.S. Const. Amends. - 8 & 14.

## CONCLUSION

Appellant has a Statutrory Right to be released on parole pursuant to TX. Government Code §508.145(d)(1).

Appellant avers his continued, unauthorized prison confinement by the Appellees via their unreasonable actions and their reckless indifference to this legislative law is a violation of clearly established State and Federal Laws - TX. Government Code (Id.) and the U.S. Const., Amends. - 8 & 14.

Appellant is seeking monetary damages in the amount of $100.00 PER DAY, STARTING FROM November 17, 2014; and continued until the Appellees comply with the State Law and stop violating Appellant's Constitutional Rights (Id.).

In concluding, Appellant contends the trial court abused it's discretion by dismissing his Civil Suit Complaint without any reference to guiding rules or principles.

(4.)

## PRAYER

Appellant PRAYS this Court Of Appeals will reverse the trial court's ruling in Cause No. 81239-I and award Appellant the monetary damages he is seeking - $100.00 per day until Appellees comply with TX. Government Code §508.145(d)(1); Starting from November 17, 2014.

Respectfully Submitted by,

*John Henry Boykin*

JOHN HENRY BOYKIN, PRO SE -
APPELLANT;
Ramsey One Unit; 1100 F.M.655
Rosharon, TX. 77583

## CERTIFICATE OF SERVICE

I, JOHN HENRY BOYKIN, Pro Se Appellant; certifys that an EXACT ( copy ) of this Appellate Brief has been served on the Appellees via U.S. Postal Services, Postage Pre-Paid and mailed to: C. TAUSS, L. RUZICKA, and F. RANGEL; 1212 Velasco, suite 201; Angelton, Texas 77515. Mailed on *September 18, 2015* .

*John Henry Boykin*

JOHN HENRY BOYKIN, PRO SE -
APPELLANT;
Ramsey One Unit; 1100 F.M.655
Rosharon, TX.77583

CAUSE NO. 81239-I

| | | |
|---|---|---|
| JOHN H. BOYKIN | § | IN THE DISTRICT COURT |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| L. RUZICKA, ET AL | § | 412TH JUDICIAL DISTRICT |

**ORDER OF DISMISSAL**

On this 16th day of April , 20 15 , it is ORDERED that the above entitled and numbered cause be, and the same hereby is DISMISSED AS FRIVOLOUS for the reason(s) that Government Code 508.145 (d) (1) is not mandatory and the alleged claims have no arguable basis in law or in fact.

The Court further finds that on January 14, 2011, The Court dismissed a case filed by Plaintiff as frivolous, pursuant to Sec. 14.007 CPRC. Plaintiff, JOHN H. BOYKIN, is ORDERED to pay the Court Costs and fees in accordance with the Order to Withdraw Funds attached herein as Exhibit A.

SIGNED this the 16th day of April , 20 15 .

W. EDWIN DENMAN
Judge, 412th District Court
Brazoria County, Texas

*EXHIBIT - A*

*Received in Prison Mail on April 28, 2015 @ 12:00 Noon*
*John Henry Boykin 1397772*

September 18, 2015

First Court of Appeals - Texas
Office of the Clerk
301 Fannin Street
Houston, Texas 77002

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 21 2015

CHRISTOPHER A. PRINE
CLERK

RE: Case No. 01-15-00413-CV;
  Style: Boykin V. C. Tauss, L. Ruzicka, & F. Rangel;
  Members of the TX Board of Paroles; In
  Their Individual Capacities

Dear Clerk:

Enclosed is my original brief submitted for Appellate Review.

I am an indigent, incarcerated inmate at the Ramsey Prison Unit in Rosharon, TX.

This prison unit does NOT provide any coping services. I respectfully request your office to make the necessary copies needed to perfect this Appeal, and submit the copies to the Court of Appeals for appellate review.

Thank you in advance for your service & assistance.

Sincerely,

John Henry Boykin #1397772
Ramsey Prison Unit
1100 FM 655
Rosharon, TX 77583

Enclosure

John Henry Berklin #1397772
Ramsey Prison Unit
1100 FM 655
Rosharon, Texas 77583

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

SEP 21 2015

CHRISTOPHER A. PRINE
CLERK

LEGAL MAIL

Court of Appeals, First District
301 Fannin Street
Houston, Texas 77002-2066

MAIL RECEIVED

7700220669